1 | JEFFREY H. WOOD
Acting Assistant Attorney General
2 | ERIC GRANT (CA Bar No. 151064)
Deputy Assistant Attorney General
3 | JUSTIN HEMINGER (DC Bar. No. 974809)
STACY STOLLER (DC Bar No. 475035)
4 | PETER McVEIGH (VA Bar No. 73211)
(202) 514-4642
5 | peter.mcveigh@usdoj.gov
Attorneys
6 | Environment and Natural Resources Division
U.S. Department of Justice
7 | 950 Pennsylvania Avenue, N.W., Room 2630
Washington, D.C. 20530
8 |
McGREGOR W. SCOTT
9 | United States Attorney
DAVID T. SHELLEDY
10 | Civil Chief, Assistant United States Attorney
501 I Street, Suite 10-100
11 | Sacramento, California 95814
(916) 554-2700
12 | david.shelledy@usdoj.gov

13 | Counsel for Plaintiff United States of America

14 |

15 | UNITED STATES DISTRICT COURT

16 | EASTERN DISTRICT OF CALIFORNIA

17 |

18 | UNITED STATES OF AMERICA,  )  No. _____
               )
19 |      Plaintiff,        )
               )  **COMPLAINT FOR DECLARATORY**
20 |      v.           )  **AND INJUNCTIVE RELIEF**
               )
21 | STATE OF CALIFORNIA;      )
EDMUND G. BROWN, JR., Governor  )
22 | of the State of California, in his official  )
capacity; and CALIFORNIA STATE  )
23 | LANDS COMMISSION, an agency of  )
the State of California,      )
24 |                )
     Defendants.     )
25 |                )
               )
26 |                )
               )
27 |                )
               )
28 | _____)

Plaintiff United States of America alleges as follows:

**INTRODUCTION**

1.      Recently enacted legislation known as 2017 California Senate Bill 50 ("SB 50") discriminates against the United States and delays and otherwise obstructs conveyances of real property owned by the United States, including by creating a potential cloud on marketable title. The State of California enacted and is attempting to implement this law even though the Constitution grants the federal government exclusive "Power to dispose of . . . Property belonging to the United States," and even though California was admitted to the Union on the express condition that it "shall pass no law and do no act whereby the title of the United States to, and right to dispose of, [its lands] shall be impaired or questioned."  That discrimination and obstruction is contrary to the Constitution and laws of the United States and is therefore invalid.  The United States brings this action against the State of California, its governor, and its State Lands Commission (collectively, "Defendants") for a judgment so declaring and for an injunction against any implementation of SB 50.

**JURISDICTION**

2.      This is a civil action brought by the United States under the Constitution of the United States (Article IV, Section 3, Clause 2 and Article VI, Clause 2), as well as under the numerous federal statutes set forth in Paragraph 21 below.  The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1345 (United States as plaintiff).

**VENUE**

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because (1) all Defendants reside here, and (2) a substantial part of property that is the subject of the action is situated in the City of Sacramento and elsewhere in this District.  In addition, more than 16 million acres of federal land is located in the District.

4.      This action is properly commenced in the Sacramento Division because it arises in (among other places) Sacramento County.

///

///

**PARTIES**

5.      Plaintiff is the United States of America, suing on its own behalf and on behalf of its executive departments and other subdivisions (hereinafter, "agencies" or "federal agencies"), including but not limited to those listed in Paragraphs 6 through 13 below.

6.      The General Services Administration ("GSA") is a federal agency charged by Congress with responsibilities related to the disposal of real property interests of the United States.

7.      The Department of the Interior is a federal executive department charged by Congress with the responsibility to manage land owned by the United States and to dispose of some of those lands consistent with federal laws and regulations.  The Department manages millions of acres of such land through its component bureaus, including the Bureau of Land Management, the National Park Service, the Fish and Wildlife Service, the Bureau of Indian Affairs, and the Bureau of Reclamation.

8.      The Department of Defense is a federal executive department charged by Congress with the responsibility to manage military installations and other property owned by the United States through its components, including the Department of the Army, the Department of the Navy, and the Department of the Air Force.

9.      The Department of Agriculture is a federal executive department charged by Congress with responsibilities that include managing lands owned by the United States, including management by the U.S. Forest Service of millions of acres of National Forest System lands.

10.     The Department of Veterans Affairs ("VA") is a federal executive department charged by Congress with the responsibility to provide healthcare, benefits, and memorial services to eligible veterans and others.  VA is also charged by Congress with responsibilities related to hundreds of hospitals, clinics, cemeteries, and other real property owned by the United States, including the responsibility to grant easements and to lease or otherwise dispose of unneeded real property.

11.     The Department of Homeland Security is a federal executive department charged by Congress with the responsibility to manage, through the United States Coast Guard, military installations and other property owned by the United States.

12.     The United States Postal Service is an independent establishment of the Executive Branch of the Government of the United States charged by Congress — in part under its constitutional authority to "establish Post Offices and post Roads," art. I, § 8, cl. 7 — with the responsibility of establishing and maintaining postal facilities; providing such postal facilities as it determines are needed; and holding, maintaining, selling, leasing, or otherwise disposing of such property or any interest therein.

13.     The Department of Health and Human Services is a federal executive department charged by Congress in the McKinney-Vento Homeless Assistance Act with the responsibility to convey certain real property owned by the United States for public health uses and to assist the homeless.

14.     Defendant State of California ("State") is a state of the United States.

15.     Defendant Edmund G. Brown, Jr., is the Governor of the State of California.  He is sued in his official capacity.

16.     Defendant California State Lands Commission ("SLC") is an agency of the State of California, with responsibilities under state law to manage lands owned by the State.

**GENERAL ALLEGATIONS**

**The Supremacy and Property Clauses of the Constitution**

17.     The Supremacy Clause of the Constitution provides:  "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . , shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."  U.S. Const. art. VI, cl. 2.

18.     The Property Clause of the Constitution provides that "Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States."  U.S. Const. art. IV, § 3, cl. 2.  In our constitutional system, the "power over the public land thus entrusted to Congress is without limitation."  *United States v. City & County of San Francisco*, 310 U.S. 16, 29 (1940).

///

///

**The Act Admitting California into the Union**

19.     On September 9, 1850, Congress enacted "An Act for the Admission of the State of California into the Union," ch. 50, 9 Stat. 452.  Section 3 of the Act provides in relevant part that "the said State of California is admitted into the Union upon the express condition that the people of said State, through their legislature or otherwise, shall never interfere with the primary disposal of the public lands within its limits, and shall pass no law and do no act whereby the title of the United States to, and right to dispose of, the same shall be impaired or questioned."  9 Stat. at 452.

**Federal Statutes Authorizing Conveyances Purportedly Subject to SB 50**

20.     Under the authority of the Property Clause, Congress has enacted a broad array of statutes that delegate to federal agencies authority to convey interests in real property owned by the United States, including by (but not limited to) conveying lands or interests in lands through sales, donations, or exchanges; by issuing leases; and by granting easements or rights of way.  In these statutes, Congress has either specified, or charged federal agencies with the authority and responsibility to determine, when, to whom, for what purposes, and on what conditions such interests will be conveyed.  Federal agencies effect these conveyances subject to specific conditions and limitations imposed by Congress and by the agencies themselves in their regulations implementing these statutes.

21.     The statutes that authorize or otherwise govern conveyances of federal real property purportedly subject to SB 50 include (but are not limited to) the following:

- 10 U.S.C. §§ 2663(e), 2667-2668, 2688, 2878, 18240;
- 14 U.S.C. §§ 92-93, 685;
- 16 U.S.C. § 460d;
- General Exchange Act of 1922, 16 U.S.C. §§ 485-486;
- Small Tracts Act of 1983, 16 U.S.C. §§ 521d, 521e;
- National Wildlife Refuge System Administration Act of 1966, 16 U.S.C. §§ 668dd-668ee;
- 23 U.S.C. §§ 107(d), 317;
- Workforce Innovation and Opportunity Act, 29 U.S.C. § 3249(b);

- Mining Law of 1872, 30 U.S.C. §§ 22-54;

- Mineral Leasing Act of 1920, 30 U.S.C. §§ 181-287;

- 33 U.S.C. § 558b;

- 38 U.S.C. §§ 2405, 2412, 8103, 8118, 8122, 8124, 8161-8169;

- Postal Reorganization Act of 1970, 39 U.S.C. §§ 401(5), 403(b)(3), 404(a)(3);

- 40 U.S.C. §§ 541-559, 581, 1314, 3304;

- McKinney-Vento Homeless Assistance Act, 42 U.S.C. §§ 11411-11412;

- Recreation and Public Purposes Act of 1926, 43 U.S.C. §§ 869 to 869-4;

- Federal Land Policy and Management Act of 1976, 43 U.S.C. §§ 1713, 1716-1722, 1746, 1761;

- 49 U.S.C. §§ 47151-47153;

- 51 U.S.C. § 20145;

- Land and Water Conservation Fund Act of 1968, 54 U.S.C. § 102901;

- 54 U.S.C. §§ 305103-305104;

- Defense Base Closure and Realignment Act of 1990, Pub. L. No. 101-510, tit. XXIX, pt. A, 104 Stat. 1485, 1808-19 (1990), as amended;

- Military Construction Authorization Act for Fiscal Year 1991, Pub. L. No. 101-510, div. B, § 2824, 104 Stat. 1485, 1790-91 (1990), as amended by Pub. L. No. 103-160, § 2834, 107 Stat. 1547, 1896 (1993);

- Consolidated Appropriations Act, 2005, Pub. L. No. 108-447, div. H, § 412, 118 Stat. 2809, 3259 (2004);

- Water Resources Development Act of 2007, Pub. L. No. 110-114, § 3182(b), 121 Stat. 1041, 1165-66, as amended by Water Resources Reform and Development Act of 2014, Pub. L. No. 113-121, § 6005(a), 128 Stat. 1193, 1357;

- National Defense Authorization Act for Fiscal Year 2015, Pub. L. No. 113-291, §§ 3005-3006, 128 Stat. 3292, 3742-45 (2014);

- Coast Guard Authorization Act of 2015, Pub. L. No. 114-120, § 501, 130 Stat. 27, 67-68 (2016);

- West Los Angeles Leasing Act of 2016, Pub. L. No. 114-226, 130 Stat. 926; and
- Water Infrastructure Improvements for the Nation Act, Pub. L. No. 114-322, § 3607, 130 Stat. 1628, 1795-96 (2016).

**SB 50**

22.     California Senate Bill No. 50, Chapter 535, was approved by Defendant Brown on October 6, 2017.  SB 50 became effective, as a matter of California law, on January 1, 2018.  A true and correct copy of SB 50 is attached hereto as Exhibit 1.

23.     Section 4 of SB 50 added Section 8560 to the California Public Resources Code. Section 8560(b)(1) makes it "the policy of the State of California to discourage conveyances that transfer ownership of federal public lands in California from the federal government."

24.     Section 8560(a)(2) defines the "conveyance[s]" to which the legislation purports to apply to include "any method, including sale, donation, or exchange, by which all or a portion of the right, title, and interest of the United States in and to federal lands located in California is transferred to another entity."  Section 8560(a)(3) defines the term "Federal public lands" to mean "any land owned by the United States, including the surface estate, the subsurface estate, or any improvements on those estates."

25.     Section 8560(b)(2)(A) states:  "Except as provided in this chapter, conveyances of federal public lands in California are void ab initio unless the [SLC] was provided with the right of first refusal to the conveyance or the right to arrange for the transfer of the federal public land to another entity."  The only conveyances exempted from this and other purported requirements of SB 50 (by a new Section 8561 of the California Public Resources Code) are "sale[s] of real property acquired by a federal agency through a foreclosure proceeding."

26.     Section 8560(b)(2)(B) provides that the SLC "may seek declaratory and injunctive relief from a court of competent jurisdiction to contest conveyances made to any entity unless the requirements of this paragraph are met."

27.     Section 8560(b)(2)(D)(i) provides:  "Prior to the conveyance of federal public lands in California, if the [SLC] was provided with the right of first refusal or the right to arrange for the

///

1   transfer of the federal public lands to another entity, the [SLC] shall issue a certificate affirming

2   compliance with this section."

3       28.     Section 2 of SB 50 added Section 6223 to the California Government Code.

4   Section 6223(a) provides:  "A person shall not knowingly present for recording or filing with a

5   county recorder a deed, instrument, or other document related to a conveyance subject to Section

6   8560 of the Public Resources Code unless it is accompanied by a certificate of compliance from

7   the [SLC].  A person who presents for recording or filing with a county recorder a deed, instrument,

8   or other document in violation of this section is liable for a civil penalty not to exceed five thousand

9   dollars ($5,000)."

10      29.     Section 3 of SB 50 added Section 27338 to the California Government Code.

11  Section 27338 provides:  "A deed, instrument, or other document related to a conveyance that is

12  subject to Section 8560 of the Public Resources Code shall be titled 'Federal Public Land Deed of

13  Conveyance' and shall not be recorded without a certificate from the [SLC].  The federal agency

14  wishing to convey federal public lands shall ensure that the deed, instrument, or other conveyance

15  document is titled in the manner required by this section."

16      30.     None of these provisions applies to conveyances of land by citizens of California

17  or other persons.  By its terms, SB 50 applies to conveyances of *federal* public lands alone.

18      31.     The SLC does not intend to issue any certificate of compliance pursuant to

19  Section 8560(b)(2)(D) without first having evaluated on a case-by-case basis whether to exercise

20  or waive the rights purportedly granted to it by SB 50.

21      32.     The SLC intends to evaluate whether to exercise or waive the rights purportedly

22  granted to it by SB 50 at its regularly scheduled meetings, which are held at two- to three-month

23  intervals.

24      33.     No California statutes, regulations, or other legal requirements, including SB 50

25  itself, require the SLC to make a decision within a reasonable time or within any specified period

26  of time regarding whether to exercise the rights purportedly granted to it by SB 50.

27      34.     No federal agency has offered the SLC a right of first refusal (or the right to arrange

28  for transfer to another entity) with respect to a conveyance purportedly subject to SB 50.

**Examples of Specific Conveyances Purportedly Subject to SB 50**

Corporate Way Pocket Parcel

35.     Prior to January 1, 2018, the GSA posted on a public website information indicating that in January 2018, it would begin an auction soliciting competitive bids for a parcel of real property located between 1110 and 1120 Corporate Way, Sacramento, California.  Although the parcel is owned by the Postal Service and is subject to the Postal Service's disposal authority, the GSA is auctioning the property pursuant to agreements with the Postal Service.  This parcel is referred to as the "Corporate Way Pocket Parcel" and consists of approximately 1.7 acres of undeveloped land.

36.     In late December 2017, the SLC sent the GSA a letter stating that under SB 50, the "GSA must provide the [SLC] with the right of first refusal or right to arrange for the transfer of the parcel to another entity in order to comply with State law and validly transfer the parcel."  A true and correct copy of the SLC's letter to GSA is attached hereto as Exhibit 2.

37.     The GSA received no bids on the Corporate Way Pocket Parcel.  The auction was temporarily suspended in early March 2018, in part because of the potential cloud on marketable title resulting from SB 50.  SB 50 has also created uncertainty regarding whether and how the GSA should proceed with other auctions that it had planned to initiate in the future, including within the next three months.

Admiral's Cove Property

38.     Prior to January 1, 2018, the Department of the Navy entered into a contract under which it intended to convey to a developer, for a purchase price of approximately $38 million,  the fee simple interest in the "Admiral's Cove property," located in Alameda, California.  The GSA serves as the Navy's agent in connection with this transaction, providing services under an interagency agreement.

39.     This property was formerly used as housing for a military installation at the Naval Air Station Alameda.  The Navy and a local redevelopment agency expended substantial resources over a period of many years, including in conducting environmental reviews, before the Navy decided to convey the property.

40.     Although the conveyance of the Admiral's Cove property was originally scheduled to close on January 31, 2018, the purchaser has repeatedly requested that the closing be delayed, citing SB 50 (among other reasons).  In the exercise of its discretion, GSA has thus far granted these requests.  The purchaser asked the SLC for an exemption from or waiver of the purported requirements of SB 50.  The SLC indicated it will consider the conveyance at a meeting scheduled for April 19, 2018.

Arc Vineyards Parcel

41.     Prior to January 1, 2018, the Department of the Interior, through the Bureau of Land Management, proposed to sell the surface estate of a roughly 5.9-acre isolated parcel of public land located in Santa Barbara County, California, to resolve an inadvertent trespass.

42.     As part of its decision-making process, the Department of the Interior expended resources over a period of years in amending a land use plan, carrying out environmental reviews, and securing an appraisal to determine the fair market value of the parcel.  The Department provided timely opportunities for comment by the public, the SLC, and the State, including a 60-day period of review by Defendant Brown.  No agency or officer of the State of California objected to the proposed sale.

43.     On February 12, 2018, the SLC sent the Department a letter stating that the Arc Vineyards conveyance is subject to SB 50 and demanding that the Department supply information to allow the SLC to decide whether to exercise its purported rights under SB 50.  A true and correct copy of the SLC's letter to the Department is attached hereto as Exhibit 3.

City of Dublin, Alameda County, Property

44.     Prior to January 1, 2018, the Department of the Army entered into a land exchange agreement with a developer in connection with a multi-phase transaction involving exchanges of real property located in the City of Dublin, Alameda County for construction of facilities at Camp Parks, an Army military installation.

45.     The planned conveyances, and prior conveyances under this agreement, were the subject of careful planning, study, and environmental review conducted over a period of years.

///

46.     After the Army's transaction partner asked the SLC for an exemption from or waiver of SB 50's purported requirements, the SLC considered the federal conveyances at its February 27, 2018 meeting.  In its own words, the SLC, "in its first instance considering federal property conveyance pursuant to SB 50, exercised its right of first refusal to consider acquiring about 78 acres of federal public lands in the City of Dublin."  A true and correct copy of the "State Lands Commission February [2018] Meeting Highlights" issued by the SLC is attached hereto as Exhibit 4.

47.     At that meeting, SLC exercised its purported right of first refusal by accepting the recommendation of its staff to "Find that it is not in the best interests of the State for the [SLC] to acquire 78.21 acres of land proposed for conveyance from the U.S. Army Corps of Engineers to Dublin Crossing, LLC, or to arrange for its transfer to another entity."  True and correct copies of the staff report regarding the subject conveyances and the resulting Certificate of Compliance dated March 2, 2018 are attached hereto as Exhibit 5 and Exhibit 6, respectively.

48.     On March 13, 2018, the Army's transaction partner requested that the Army approve a revised form of the deed for these conveyances that would include the title "Federal Public Land Deed of Conveyance" in order to comply with the purported requirements of Section 3 of SB 50 and to ensure the local recording office will record the deed.

Conveyance to Lloyd L. Fields

49.     On December 16, 2016, Congress enacted the Water Infrastructure Improvements for the Nation Act.  Section 3607 of the Act directs the Secretary of the Interior to convey to Lloyd L. Fields a patent for a 41.15-acre parcel of federal land, upon Fields' execution of a deed conveying certain property to the United States to be held in trust for the exclusive use and benefit of the Morongo Band of Mission Indians.  Section 3607 further directs the Secretary to grant an easement over federal land to the City of Banning, California.

50.     The Department of the Interior has made substantial preparations necessary to carry out the congressional mandate to issue a patent to Lloyd L. Fields.  The Department intends to move forward with the transaction notwithstanding SB 50's purported requirements.

///

West Los Angeles Campus

51.     Prior to January 1, 2018, the VA made substantial progress towards finalizing and implementing a framework Draft Master Plan (publicly issued in January 2016) to revitalize its 388-acre West Los Angeles Campus.  Pursuant to the Draft Master Plan, the VA contemplates leasing real property to other entities — in accordance with 38 U.S.C. §§ 8161-8169 and the West Los Angeles Leasing Act of 2016 — for the purpose of providing permanent supportive housing and related services for local veterans.  The VA also contemplates issuing an easement to the City of Los Angeles in support of the planned Purple Line Metro Project.  These actions would help restore the campus to a safe and welcoming community for veterans and help to reduce veteran homelessness in Los Angeles.

Other Conveyances

52.     In 2018, federal agencies plan to carry out additional conveyances of real property purportedly subject to and restricted by SB 50.  Federal agencies plan to carry out additional conveyances in 2019 and subsequent years, consistent with statutory and regulatory authorities.

**Effects of SB 50**

53.     SB 50 purports to authorize the SLC to override the determinations of Congress or federal agencies or both regarding when, to whom, and for what purpose conveyances of federal interests in property located in California will be made, including determinations made by or under the federal statutes discussed in Paragraph 21 above and in connection with the specific examples of conveyances discussed in Paragraphs 35 through 51 above.

54.     SB 50 creates a cloud on record and marketable title and, as a result, creates uncertainty, the significant potential for litigation and other expenditures of resources, and other burdens for the United States and those with whom it deals.  This may result in a loss of opportunity to convey in a manner and at a price that best serves the United States' needs.

55.     SB 50 delays (potentially indefinitely) and thereby obstructs conveyances of federal real property interests in California.

56.     SB 50 interferes with federal agencies' ability to comply with obligations under binding agreements with transaction partners or other federal agencies, including agreements

entered into prior to January 1, 2018, and to comply with court orders.  It is impossible for certain federal agencies to offer a right of first refusal (or a right to arrange transfer to another entity) and also comply with these obligations and orders.

57.     As a result of uncertainty created by the enactment of SB 50 and the requirements it purports to impose, federal conveyances have been, and will continue to be, delayed.

58.     As a result of uncertainty created by the enactment of SB 50, federal agencies have been, and will continue to be, unable to finalize conveyances that would have been finalized but for the enactment of SB 50.

59.     Unless and until the Court declares that SB 50 is unconstitutional and enjoins its implementation, SB 50 will have the effect of increasing costs and reducing the revenues that flow to the United States from conveyances of federal property.

60.     Unless and until the Court declares that SB 50 is unconstitutional and enjoins its implementation, SB 50 will disrupt the market for land owned by the United States in California, in that fewer potential buyers are likely to submit bids in connection with competitive sales and other transactions, or participate in negotiated transactions, regarding such land.

61.     Unless and until the Court declares that SB 50 is unconstitutional and enjoins its implementation, SB 50 will artificially depress the market value of land owned by the United States in California, in that potential buyers of such land likely will be willing to pay relatively less to the United States.

62.     Unless and until the Court declares that SB 50 is unconstitutional and enjoins its implementation, SB 50 will obstruct federal land exchange transactions, including exchanges expressly directed by Congress, through which the United States seeks to acquire real property interests to serve important purposes and further important objectives established by Congress.

63.     SB 50 does not, and will not, have the aforementioned effects with respect to conveyances of property by citizens of California or other persons.

**DECLARATORY RELIEF ALLEGATIONS**

64.     There is an actual controversy between the United States and Defendants with respect to the validity of SB 50.

65.     The United States asserts that SB 50 is, on its face and as applied, contrary to the Constitution and laws of the United States and is therefore invalid; and that SB 50 may not lawfully be applied or enforced against the United States and those with whom it deals.

66.     Defendants, by contrast, assert that SB 50 is valid, and they intend to apply and enforce it against the United States and those with whom it deals.

67.     Pursuant to 28 U.S.C. § 2201(a), this Court has the authority (and should exercise the authority) to declare the legal rights and obligations of the parties with respect to SB 50 and its application or enforcement.

**FIRST CLAIM FOR RELIEF**

**(Intergovernmental Immunity)**

68.     The United States incorporates by reference the allegations in Paragraphs 1 to 67 above.

69.     SB 50 discriminates against the United States and those with whom it deals because it imposes restrictions on conveyances of property by the United States, and on recordation of deeds and other instruments related to such conveyances, that the State does not impose on its own citizens or on any other persons.  Because the restrictions apply only to conveyances of federal lands, SB 50 also discriminates against persons with whom the United States deals as transaction partners and potential transaction partners, including various local public entities in California.

70.     In so discriminating against the United States and those with whom it deals, SB 50 violates intergovernmental immunity and, consequently, violates the Supremacy Clause of the Constitution.

71.     Moreover, SB 50 purports to directly regulate the United States and those with whom it deals by compelling federal agencies to uniquely title all conveyance documents and to provide the SLC with a right of first refusal to conveyances of federal property interests or the right to arrange for the transfer of the property interest to a different entity selected by the SLC.

72.     SB 50 further purports to directly regulate the United States and those with whom it deals by authorizing the SLC to delay (potentially indefinitely) and thereby obstruct conveyances by federal agencies of federal interests in property located in California.

73.     SB 50 further purports to directly regulate the United States and those with whom it deals by authorizing the SLC to override the determinations of Congress or federal agencies or both regarding when, to whom, and for what purpose federal interests in property will be conveyed.

74.     SB 50 further purports to directly regulate the United States and those with whom it deals by obstructing federal land exchange transactions, including those expressly directed by Congress, through which the United States seeks to acquire real property interests to serve important purposes and further important objectives established by Congress.

75.     In so purporting to regulate the United States and those with whom it deals, SB 50 further violates intergovernmental immunity and, consequently, further violates the Supremacy Clause of the Constitution.

**SECOND CLAIM FOR RELIEF**

**(Preemption)**

76.     The United States incorporates by reference the allegations in Paragraphs 1 to 67 above.

77.     SB 50 is in direct violation of the Act for the Admission of the State of California into the Union, which states: "California is admitted into the Union upon the express condition that the people of said State, through their legislature or otherwise, shall never interfere with the primary disposal of the public lands within its limits, and shall pass no law and do no act whereby the title of the United States to, and right to dispose of, the same shall be impaired or questioned." 9 Stat. at 452.

78.     The Property Clause, Act for the Admission of the State of California into the Union, and the federal statutes listed in Paragraph 21 above, as well as other federal statutes and implementing regulations governing federal conveyances of federal land, occupy the field with respect to regulation of conveyances of federal interests in real property.  These federal authorities comprehensively regulate federal conveyances, leaving no room for SB 50 or other state regulation.  In addition, these federal authorities establish that the federal interest in conveyances of federal interests in real property is "so dominant" that it should be assumed to preclude enforcement of SB 50 or any other state regulation of these conveyances.

79.     SB 50 conflicts with, and is therefore preempted by, these same federal authorities, because it stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress reflected in such authorities.

80.     SB 50 further conflicts with, and is therefore preempted by these same federal authorities, because it is impossible for most federal agencies to comply with both SB 50 and these authorities.

## PRAYER FOR RELIEF

81.     Wherefore, Plaintiff United States of America prays that the Court enter judgment against Defendants and award the following relief:

(a)     a declaration that SB 50 — including Sections 8560 and 8561 of the California Public Resources Code and Sections 6223 and 27338 of the California Government Code — is invalid under the Supremacy Clause of the United States Constitution, both on its face and as applied to the United States of America, its agencies, its officers, and those with whom it deals;

(b)     preliminary and permanent injunctions against any application of SB 50 to the United States of America, its agencies, its officers, and those with whom it deals;

(c)     costs of suit; and

(d)     such other and further relief as the Court deems just and proper.

Dated:  April 2, 2018.

Respectfully submitted,

*/s/ Eric Grant*
JEFFREY H. WOOD
Acting Assistant Attorney General
ERIC GRANT
Deputy Assistant Attorney General
JUSTIN HEMINGER
STACY STOLLER
PETER McVEIGH
Attorneys
Environment and Natural Resources Division
U.S. Department of Justice

McGREGOR W. SCOTT
United States Attorney
DAVID T. SHELLEDY
Civil Chief, Assistant United States Attorney

Counsel for Plaintiff United States of America

**INDEX OF EXHIBITS**

1. California Senate Bill No. 50 (Oct. 6, 2017).

2. Letter from California State Lands Commission to U.S. General Services Administration (Dec. 23, 2017).

3. Letter from California State Lands Commission to BLM Bakersfield (Feb. 12, 2018).

4. State Lands Commission February Meeting Highlights (Feb. 27, 2018).

5. SLC Staff Report C86 (Feb. 27, 2018).

6. SLC Certificate of Compliance (Mar. 2, 2018).