JEFFREY H. WOOD
Acting Assistant Attorney General
ERIC GRANT (CA Bar No. 151064)
Deputy Assistant Attorney General
JUSTIN HEMINGER (DC Bar. No. 974809)
STACY STOLLER (DC Bar No. 475035)
PETER J. McVEIGH (VA Bar No. 73211)
(202) 514-4642
peter.mcveigh@usdoj.gov
Attorneys
Environment and Natural Resources Division
U.S. Department of Justice
950 Pennsylvania Avenue N.W., Room 2630
Washington, D.C. 20530

McGREGOR W. SCOTT
United States Attorney
DAVID T. SHELLEDY
Civil Chief, Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
(916) 554-2700
david.shelledy@usdoj.gov

Counsel for Plaintiff United States of America

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 2:18-cv-721-WBS-DB |
| Plaintiff, | ) | |
| v. | ) | **JOINT STATUS REPORT AND DISCOVERY PLAN** |
| STATE OF CALIFORNIA; and CALIFORNIA STATE LANDS COMMISSION, an agency of the State of California, | ) | |
| Defendants. | ) | |


Pursuant to Local Rule 240(b) and this Court's order of April 2, 2018 [Doc. 3], Plaintiff United States of America and Defendants State of California and the California State Lands Commission (collectively, "the Parties") hereby submit the following Joint Status Report and Discovery Plan.

The following persons participated in a Rule 26(f) conference on June 12, 2018, by telephone: for Plaintiff, Peter McVeigh and Stacy Stoller; for Defendants, John Killeen. Following the Rule 26(f) conference, the parties jointly drafted this status report:

**A. A brief summary of the claims**

The United States filed this action seeking declaratory and injunctive relief with respect to California 2017 Senate Bill 50 ("SB 50"). [Doc. 1.] The complaint alleges that SB 50 violates the Supremacy Clause because: (1) it violates the doctrine of intergovernmental immunity; and (2) it is preempted by federal law. The complaint originally named as Defendants the State of California, its Governor, and the California State Lands Commission ("SLC"). The Governor was dismissed as a defendant by joint stipulation of the Parties. [Doc. 7.] The term "Defendants" hereafter is used to refer to the State and the SLC.

**B. A statement as to the status of service upon all defendants**

All Defendants have been served.

**C. A statement as to the possible joinder of additional parties**

Neither Plaintiff United States nor Defendants intend at this time to seek to join additional parties to this litigation.

**D. Any contemplated amendments to the pleadings**

None. On June 27, 2018, the Governor of California approved California Senate Bill 854. In relevant part, this bill amended the following California Code sections that were added by SB 50 and that continue to be challenged in this action: Section 8560 of the Public Resources Code; and Section 27338 of the Government Code. The section numbers did not change as a result of an amendment. The other California Code sections that were added by SB 50 and challenged by the United States in this action, Section 8561 of the Public Resources Code and Section 6223 of the Government Code, were not amended.

**E. The statutory basis of jurisdiction and venue**

This is a civil action brought by the United States under the Constitution of the United States (Article IV, Section 3, Clause 2 and Article VI, Clause 2), as well as under the numerous federal statutes set forth in Paragraph 21 of the complaint. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question) and 1345 (United States as plaintiff). Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because (1) all Defendants reside here, and (2) a substantial part of property that is the subject of the action is situated in the City of Sacramento and elsewhere in this District. Defendants do not dispute these jurisdictional and venue allegations.

**F. A written report outlining the proposed discovery plan required by Federal Rule of Civil Procedure 26(f)**

(1) <u>what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made;</u>

The Parties agree to exchange initial disclosures on July 20, 2018. The Parties do not anticipate a trial, and thus agree not to exchange expert reports pursuant to Rule 26(a)(2).

(2) <u>the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues</u>

The Parties have discussed discovery and exchanged discovery requests on June 12 and 14, 2018, and have agreed that responses (including document productions) are due on July 20, 2018. Defendants primarily are seeking information about planned federal conveyances subject to SB 50, as well as information that supports the allegations in paragraphs 53 to 62 of the complaint, which pertain to the effects of SB 50 on these conveyances. The United States primarily is seeking communications between the SLC and third parties, and certain other discrete categories of information related to the implementation, interpretation, and effects of SB 50.

The Parties agree to a discovery cut-off date of August 1, 2018, subject to the narrow additional opportunity to seek discovery discussed below in Section F(5). The Parties do not believe that discovery should be conducted in phases.

<u>(3) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced</u>

The Parties are not aware of any such issues that warrant the Court's attention.

<u>(4) any issues about claims of privilege or of protection as trial-preparation materials, including -- if the parties agree on a procedure to assert these claims after production -- whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502</u>

As of now, the Parties are not aware of any issues that are likely to arise about claims of privilege or of protection as trial-preparation materials. If any privilege issues arise as the Parties complete their document review and production, the parties agree to promptly meet and confer in an attempt to resolve the issue, and to bring any issues to the Court's attention as quickly as possible. The Parties do not at present perceive a need to ask the Court to enter an agreement under Federal Rule of Evidence 502.

<u>(5) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed; and</u>

Both parties believe this case can and should be decided on cross-motions for summary judgment; that no trial will be needed; and that discovery and motion practice should be expedited to avoid the need for a motion for preliminary injunction. The parties propose consolidated briefing on summary judgment, beginning on August 13 and culminating in a hearing on October 15, and allowing for depositions of each other's declarants as follows:

The United States may submit declarations in support of its motion for summary judgment, including from one or more from expert witnesses. Defendants will be afforded an opportunity to depose each declarant, including (at Defendants' option) by telephone. The day after filing its motion for summary judgment, with respect to each declarant, counsel for the United States will offer at least 2 business days on which the declarant is available to be deposed for no more than seven hours, during the third through eleventh calendar days after the filing. In addition, the day after filing its motion for summary judgment, counsel for the United States will transmit electronic copies of all non-privileged documents that provide the basis for the expert's opinions to counsel for Defendants via email.

Defendants will submit a single, consolidated memorandum in support of their motion for summary judgment and in opposition to the United States' motion, which may be supported by declarations, including from one or more expert witnesses.  The United States will be afforded an opportunity to depose each declarant, including (at the United States' option) by telephone.  The day after filing their motion and opposition, counsel for Defendants, with respect to each declarant, will identify at least 2 business days on which the declarant is available to be deposed for no more than seven hours, during the third through eleventh calendar days after the filing.  In addition, the day after filing their motion and opposition, counsel for Defendants will transmit electronic copies of all non-privileged documents that provide the basis for the expert's opinions to counsel for the United States via email.

The United States may submit rebuttal declarations in support of its opposition to Defendants' motion for summary judgment, including from one or more expert witnesses.  The day after filing its opposition, counsel for the United States will transmit electronic copies of all documents that comprise any expert's non-privileged documents that form the basis for the expert's opinions to counsel for Defendants via email.  If the United States relies on a declaration from a declarant not relied upon by the United States to support its motion for summary judgment, the United States will promptly make that expert available for deposition.

With respect to all document productions, including any expert's documents, the Parties agree that documents must be bates stamped, and may be produced in pdf format.  Each party will produce documents by transmitting electronic copies on CDs or DVDs via overnight mail to opposing counsel, except as specified above or otherwise agreed.

<u>(6) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c)</u>

The Parties are discussing whether there is a need for a protective order to protect confidential information or for other reasons.  If the need arises, they will file a stipulation and proposed order with the Court.

**G.  A proposed cut−off date by which all discovery shall be concluded**

Discovery shall be concluded by August 1, 2018, except as discussed above in Section F(5).

**H. A proposed date by which all motions shall be filed and heard**

  The Parties have filed concurrently herewith a stipulation and proposed order, asking the Court to set the following schedule and hearing date for cross-motions for summary judgment:

- United States' Motion for Summary Judgment:  August 13, 2018
- Defendants' Memorandum in Opposition/Cross-Motion:  September 4, 2018
- United States' Memorandum in Opposition/Reply Memorandum:  September 24, 2018
- Defendants' Reply Memorandum:  October 1, 2018
- Hearing Date:  October 15, 2018

The Parties do not anticipate filing any other motions, and have agreed to resolve any discovery disputes using Judge Barnes' informal procedures.  In the stipulation, the Parties additionally propose that the Court vacate the status conference currently scheduled for August 13, 2018.

**I. Any proposed modification of standard pretrial proceedings due to the special nature of the action**

  Both parties believe a genuine dispute of material fact is unlikely and summary judgment is the proper procedure for deciding this case.  If the Court denies both Parties' motions for summary judgment, the Parties request a status conference for scheduling further proceedings, as discussed below.

**J. The estimated length of trial**

  The Parties do not believe a trial will be necessary.  If the Court denies both Parties' motions for summary judgment, they request a status conference.

**K. A statement as to whether the case is related to any other case, including any matters in bankruptcy**

  This action is not related to any other case.

**L. Any other matters discussed in Local Rule 240 that may add to the just and expeditious disposition of this matter**

  During the case, the Parties have engaged in discussions to address the United States' concerns about the potential need for preliminary relief to address the immediate impacts of SB 50 on upcoming conveyances.  As part of those discussions, the United States made available

information concerning some of these conveyances to the SLC.  After its June 2018 meeting, the SLC issued, or will soon issue, certificates of compliance for those conveyances.  By providing information, the United States did not offer the SLC a right of first refusal or a right to arrange for transfer to another entity in connection with these conveyances, and neither Party waived or conceded any issues in the litigation.  The United States reserved its right to seek preliminary relief from this Court if needed to facilitate future conveyances.

**M.  A statement by any nongovernmental corporate party identifying all of its parent and subsidiary corporations and listing any publicly held company that owns 10% or more of the party's stock**

Not Applicable

Respectfully submitted,

/s/ Peter J. McVeigh
JEFFREY H. WOOD
Acting Assistant Attorney General
ERIC GRANT
Deputy Assistant Attorney General
JUSTIN HEMINGER
STACY STOLLER
PETER J. McVEIGH
Attorneys
Environment and Natural Resources Division
U.S. Department of Justice

McGREGOR W. SCOTT
United States Attorney
DAVID T. SHELLEDY
Civil Chief, Assistant United States Attorney

Counsel for Plaintiff United States of America


/s/ John Killeen (as authorized on July 12, 2018)
XAVIER BECERRA
Attorney General of California
JAMEE JORDAN PATTERSON
Supervising Deputy Attorney General
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General
ANDREW M. VOGEL
Deputy Attorney General

| | |
|---|---|
| 1 | |
| 2 | JOHN W. KILLEEN<br>Deputy Attorney General<br>Attorneys for the State Defendants |