JEFFREY H. WOOD
Acting Assistant Attorney General
ERIC GRANT (CA Bar No. 151064)
Deputy Assistant Attorney General
JUSTIN HEMINGER (DC Bar. No. 974809)
STACY STOLLER (DC Bar No. 475035)
PETER J. MCVEIGH (VA Bar No. 73211)
(202) 514-4642
peter.mcveigh@usdoj.gov
Attorneys
Environment and Natural Resources Division
U.S. Department of Justice
950 Pennsylvania Avenue N.W., Room 2630
Washington, D.C. 20530

MCGREGOR W. SCOTT
United States Attorney
DAVID T. SHELLEDY
Civil Chief, Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
(916) 554-2700
david.shelledy@usdoj.gov
*Attorneys for Plaintiff United States of America*

XAVIER BECERRA
Attorney General of California
BENJAMIN M. GLICKMAN, State Bar No. 247907
Supervising Deputy Attorney General
ANDREW M. VOGEL, State Bar No. 187312
Deputy Attorney General
JOHN W. KILLEEN, State Bar No. 258395
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6045
 Fax: (916) 324-8835
 E-mail: John.Killeen@doj.ca.gov
*Attorneys for the State Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**STATE OF CALIFORNIA; and CALIFORNIA STATE LANDS COMMISSION, an agency of the State of California,**<br><br>Defendants. | No. 2:18-cv-00721 WBS DB<br><br>**STIPULATED PROTECTIVE ORDER** |

## 1. PURPOSES AND LIMITATIONS

Discovery in this action, including the Parties' responses to written discovery and accompanying document production and anticipated depositions, may involve production of confidential, proprietary, for official use only, personally identifiable, or other private or legally protected information for which special protection may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties agree that this Stipulated Protective Order is consistent with Local Rule 141.1. It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles, and it does not presumptively entitle parties to file Confidential Information under seal.

## 2. DEFINITIONS

2.1 "Confidential Information": information (regardless of how it is generated, stored or maintained) or tangible things that a Party in its reasonable and good faith judgment determines includes confidential, proprietary, or other information for which special protection from public disclosure is warranted and justified under Federal Rule of Civil Procedure 26(c); information that is publicly available is not considered "Confidential Information."

2.2 "Party": any party to this action, including all of its officers, employees, and counsel.

## 3. SCOPE

The protections afforded by this Stipulated Protective Order cover not only those portions of any documents or other materials containing Confidential Information (as defined above), but also (a) any information copied or extracted from those portions of any documents or other materials containing Confidential Information; (b) all copies, excerpts, summaries, or compilations of Confidential Information; and (c) any testimony, conversations, or presentations by parties or their legal counsel that might contain or reveal Confidential Information.

## 4. ACCESS TO AND USE OF CONFIDENTIAL INFORMATION

4.1. Basic Principles. A receiving party may use Confidential Information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting,

defending, or attempting to settle this litigation. Confidential Information may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order. Confidential Information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

4.2. Disclosure of "Confidential" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the designating party, a receiving party may disclose Confidential Information only to:

(a) Counsel of Record in this action and any support staff and other employees with an appropriate need to know. If any Counsel of Record, support staff, or other employees cease to represent a party in this action for any reason, such persons shall no longer have access or be authorized to receive any Confidential Information;

(b) Parties in this action, but only to the extent that such disclosure is reasonably deemed necessary by such Party's counsel for the conduct of this litigation.

(c) Any experts or consultants retained for this action by counsel to a party or support staff or employees for such an expert or consultant with an appropriate need to know;

(d) Any other person mutually authorized by the Parties' counsel to examine such information;

(e) During their depositions, witnesses in this action with an appropriate need to know. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential Information must be marked by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(f) The author or recipient of a document containing the Confidential Information or a custodial or other person who otherwise was legally authorized to possess the information;

(g) Companies or contractors providing copying, imaging, e-discovery, or document management services retained by counsel to assist in the duplication or management of material containing or constituting Confidential Information, provided that counsel for the party retaining each such company instructs the company not to disclose any Confidential Information to third

3

parties and to immediately return all originals and copies of any Confidential Material upon the completion of the company's services; and

(h) The Court and its personnel, including court reporters.

All persons listed in subparagraphs 4.2(c)-(g) to whom Confidential Information is disclosed shall first be required to read the terms of this Stipulated Protective Order and sign a copy of the Acknowledgment of Protective Order and Agreement to Be Bound form, attached hereto as EXHIBIT A. Counsel for the party disclosing Confidential Information to such persons shall retain the original signed Acknowledgment of Protective Order and Agreement to be Bound form and shall provide a copy to counsel for the other Parties or to the signatory upon request.

4.3. Filing Confidential Information. A Party may not file in the public record in this action any Confidential Information without first obtaining written permission from the designating party or a court order, secured after appropriate notice to all interested persons. A party seeking to file under seal any Confidential Information must comply with Local Rule 141. Confidential Information may be filed under seal only pursuant to a court order that makes specific findings that the relevant legal standards have been met. See *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678-679 (9th Cir. 2010).

If a receiving party's request to file designated material under seal pursuant to Local Rule 141 is denied by the Court, then the receiving party may file the material in the public record unless (1) the designating party seeks reconsideration within four days of the denial, or (2) as otherwise instructed by the Court.

4.4. Filing Motions, Oppositions, and Replies Under Seal. In the event that either party files a motion, opposition, or reply under seal, the provisions of Local Rule 141 shall apply.

4.5. Use of Information Subject to Stipulated Protective Order. Use of any information or documents subject to this Stipulated Protective Order, including all information within the scope of Section 3, shall be restricted to use in this litigation (subject to the applicable rules of evidence and subject to the confidentiality of such materials being maintained), and shall not be used by anyone subject to the terms of this Stipulated Protective Order for any purpose outside of this

4

litigation or in any other proceeding between the Parties. Confidential Information is protected from disclosure in response to requests under the Freedom of Information Act or the California Public Records Act. Nothing in this Stipulated Protective Order shall limit or in any way restrict the use of information obtained outside of this litigation that would merit designation of Confidential Information had it been disclosed in discovery in this litigation.

5.1 DESIGNATION OF CONFIDENTIAL INFORMATION

5.1. Exercise of Restraint and Care in Designating Information for Protection. Each party or non-party that designates information or items for protection as Confidential Information under this Stipulated Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection as Confidential Information only those parts of material, documents, items, or oral or written communications that qualify for such protection, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order. Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) may expose the designating party to sanctions. If it comes to a designating party's attention that information or items that it designated for protection as Confidential Information do not qualify for such protection, the designating party must promptly notify all other parties that it is withdrawing the designation.

5.2. Manner and Timing of Designations. Except as otherwise provided in this Stipulated Protective Order or as otherwise stipulated by the Parties or ordered by the Court, disclosure of discovery material that qualifies for protection as Confidential Information under this Stipulated Protective Order must be clearly so designated before or when the material is disclosed or produced.

(a) Information in documentary form (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings): the

designating party must affix the word "CONFIDENTIAL" to each page that contains Confidential Information. If only a portion of the material on a page qualifies for such protection, the designating party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) Testimony given in deposition or in other pretrial or trial proceedings: the designating party must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript. Any party or non-party may, within ten days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as Confidential Information.

(c) Other tangible items: the designating party must affix in a prominent place on the exterior of the container or containers in which the item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the designating party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If a party inadvertently fails to designate material as Confidential Information at the time of production or disclosure, it shall take reasonable steps to notify all receiving parties of its failure within five business days of discovering this inadvertent failure. The designating party shall promptly supply all receiving parties with new copies of any documents bearing corrected confidentiality designations, and the receiving parties shall (at the option of the designating party) return to the designating party or destroy the original materials, and in the latter case certify in writing to the designating party that such information has been destroyed.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1. Timing of Challenges. Any party or non-party may challenge the designation of information or materials as Confidential Information at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable and substantial harm, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6

6.2. Challenge to Confidentiality Designation. The Parties reserve the right to file a motion to unseal or unredact if either party believes that documents filed under seal or redacted: (a) do not contain Confidential Information defined in Section 2 of this Stipulated Protective Order and/or do not meet the applicable legal standard for sealing, and therefore should be neither sealed nor redacted; or (b) do contain Confidential Information identified in Section 2 of this Stipulated Order, but should be redacted rather than sealed, or redacted differently. The parties shall make a good faith effort to meet and confer regarding any such proposed motion.

6.3. Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.4. Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the following procedure shall be used: the party opposing designation of the material as Confidential Information may make an application to this Court (to be lodged conditionally under seal if necessary) for an Order that the material specifically identified not be treated as Confidential Information. The designated material shall be treated as Confidential Information until the issue is resolved by Order of this Court or by agreement of the Parties.

7. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a receiving party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

(a) Promptly notify the designating party or parties in writing and include a copy of the subpoena or court order so that the designating party has sufficient time to commence an action in the appropriate court to enjoin disclosure or seek other formal or informal relief.

7

(b) Promptly notify the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order and provide a copy of this Stipulated Protective Order with that notification;

(c) Cooperate, as permitted by applicable law, with respect to all reasonable procedures sought to be pursued by the designating party or parties whose Confidential Information may be affected, including objecting and seeking a protective order in the litigation in which the subpoena or order issued; and

(d) Decline to produce the Confidential Information if an objection has been made until the objection has been resolved unless disclosure, dissemination, or transmission is required by law or court order. Any person, entity or organization who receives "Confidential Information" shall abide by all terms and conditions set forth herein unless otherwise permitted by court order.

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstances not authorized under this Stipulated Protective Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (d) request that such person or persons execute the "Acknowledgement of Protective Order and Agreement to Be Bound" that is attached hereto as Exhibit A. In the event that such person or persons do not execute the "Acknowledgement of Protective Order and Agreement to Be Bound" as requested, the receiving party and/or designating party may apply to the Court for appropriate relief to remedy the unauthorized disclosure.

9. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a designating party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

## 10. USE OF CONFIDENTIAL MATERIAL

The limitations and restrictions on "Confidential Information" in this Stipulated Protective Order shall not apply with respect to information:

(a) If it is publicly available information, whether it becomes public before or after production in this litigation, as a result of publication not involving a violation of this Stipulated Protective Order.

(b) If the designating party is authorized to allow the nonconfidential treatment of the information and releases any restrictions on confidentiality; this provision authorizes disclosure by the receiving party only if the designating party's counsel has stated in writing to the other party that the information is no longer confidential.

(c) If the parties have a dispute arising from the use of public information, the parties agree to resolve the dispute pursuant to Section 6 of this Stipulated Order.

## 11. TERMINATION OF LITIGATION AND RETURN OR DESTRUCTION OF DOCUMENTS

Anyone to whom Confidential Information has been disclosed in accordance with Section 4 of this Stipulated Protective Order shall maintain Confidential Information pursuant to the terms of this Protective Order, subject to further order by this Court (this provision does not apply to Confidential Information disclosed to and maintained by the Court and its personnel, including court reporters).

Within ten (10) days after the final disposition of this action, including any and all appeals, all Confidential Information and copies thereof shall be returned to the party who produced or disclosed it or destroyed, at the option of the party who produced or disclosed it, except as this Court may otherwise order. If destroyed, the receiving party shall certify in writing to the producing party that such information has been destroyed.

Notwithstanding this provision, counsel of record may maintain a complete set of written discovery responses and deposition transcripts for their records through the final disposition of this action, including any and all appeals or the time during which an appeal is possible, and for a period of five (5) years after resolution of this case or after any judgment becomes final,

9

Stipulated Protective Order (2:18-CV-00721-WBS-DB)

whichever is later, provided that such counsel maintain the confidential nature of these materials, as set forth in this Stipulated Protective Order. Within ten (10) days after this time period, counsel of record shall destroy all Confidential Information and copies thereof, except as this Court may otherwise order. The receiving party shall certify in writing to the producing party that such information has been destroyed. The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise. Nothing in this Section shall require counsel for either of the parties to destroy any materials that constitute such counsel's attorney work product that contains or references Confidential Information.

12. MISCELLANEOUS

12.1. Enforceability Upon Signing. By signing the Stipulated Protective Order, the parties agree to be bound by its terms unless and until those terms are modified by order of the Court.

12.2 Right to Further Relief. Nothing in this Order abridges the right of any party to seek its modification or amendment by the Court or by further stipulation of the Parties in the future.

12.3. Right to Assert Other Objections. By stipulating to entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order, nor waives any claim or defense in this case. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Order, and nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any proceeding related to this Action.

12.4. This order shall constitute a court order authorizing disclosure of information designated as confidential, subject to the protections described herein, for purposes of the Privacy Act, 5 U.S.C. § 552a(b)(11) (authorizing disclosure pursuant to the order of a court of competent jurisdiction) and any other state or federal statute or regulation that provides for disclosure pursuant to court order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: July 27, 2018                                             Respectfully submitted,

                                                                 XAVIER BECERRA
                                                                 Attorney General of California
                                                                 BENJAMIN M. GLICKMAN
                                                                 Supervising Deputy Attorney General

                                                                 */s/ John W. Killeen*
                                                                 JOHN W. KILLEEN
                                                                 Deputy Attorney General
                                                                 *Attorneys for the State Defendants*


                                                                 MCGREGOR W. SCOTT
                                                                 United States Attorney
                                                                 DAVID T. SHELLEDY
                                                                 Civil Chief, Assistant United States Attorney


                                                                 */s/ Stacy Stoller (signature used by
                                                                 permission granted July 27, 2018)*
                                                                 JEFFREY H. WOOD
                                                                 Acting Assistant Attorney General
                                                                 ERIC GRANT
                                                                 Deputy Assistant Attorney General
                                                                 JUSTIN HEMINGER
                                                                 STACY STOLLER
                                                                 PETER J. MCVEIGH
                                                                 Attorneys
                                                                 Environment and Natural Resources Division
                                                                 U.S. Department of Justice
                                                                 *Attorneys for Plaintiff, United States of
                                                                 America*

## ORDER

Pursuant to the parties' stipulation, IT IS SO ORDERED.

IT IS FURTHER ORDERED THAT:

1. Requests to seal documents shall be made by motion before the same judge who will decide the matter related to that request to seal.

2. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by Local Rule 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. L.R. 141(a). However, a

mere request to seal is not enough under the local rules.  In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information."  L.R. 141(b).

      3. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir. 2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

      4. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

      5. With respect to motions regarding any disputes concerning this protective order which the parties cannot informally resolve, the parties shall follow the procedures outlined in Local Rule 251.  Absent a showing of good cause, the court will not hear discovery disputes on an ex parte basis or on shortened time.

      6. The parties may not modify the terms of this Protective Order without the court's approval.  If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

      7. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated.

      8. Any provision in the parties' stipulation that is in conflict with anything in this order is hereby DISAPPROVED.

Dated:  August 8, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\ USvCalifornia0721.stip.prot.ord

**EXHIBIT A**

ACKNOWLEDGMENT OF PROTECTIVE ORDER AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on _____ in the case of *United States v. State of California, et al.*, No. 2:18-CV-00721-WBS-CV. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:

_____